IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| ATHLETES BUILDING BETTER COMMUNITIES,LLC., d/b/a/ ATHLETES FOOT | ) ) ) ) | **COMPLAINT JURY DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based upon sex and to provide appropriate relief to Trackeisha Love, Dominique Bee, and Barbara O'Neal (the Charging Parties), and a class of other females who have been adversely affected by such practices. The Commission alleges that Defendant Athletes Building Better Communities LLC d/b/a/The Athletes Foot of Tennessee (hereinafter Athletes Foot), subjected the Charging Parties and a class of female employees to a hostile work environment, and retaliated against the Charging Parties when they protested the unlawful conduct, in violation of Title VII of the Civil Rights Act, as amended.

## JURISDICTION

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f).

4.      At all relevant times, Defendant, Athletes Foot, was a Tennessee corporation doing business in the State of Tennessee and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, the Charging Parties filed charges with the Commission alleging that Defendant engaged in employment practices which violate Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   The Charging Parties, and other aggrieved females, were employed by Defendant in sales associate and assistant manager positions at its Memphis locations until as recently as 2005.

8.   From on or around January 2005, and thereafter, the Charging Parties, and other aggrieved females, were subjected to unwelcome conduct, of a sexual nature, by one of

2

Defendant's managers.  The activities included, but were not limited to, the manager asking one of the Charging Parties if he could look under her skirt, mimicking oral sex with his tongue, and asking male customers if they would like to have sex with her. The manager also repeatedly grabbed another Charging Party on her thighs and buttocks. His inappropriate conduct with another Charging Party included grabbing her breast and buttocks and kissing her on the mouth. In addition to the inappropriate conduct, the manager used inappropriate language regarding female genitals.  Finally, other female employees were subjected to similar conduct by the manager.

9.    The Charging Parties were afraid to complain to management because they believed they would be terminated.  Their manager, the alleged harasser, threatened the women with reduced hours and other punitive measures.  Eventually, when the Charging Parties complained, they were disciplined and ultimately terminated.

10.   The practices complained of above are in violation of §§ 703(a) and 704(a) of Title VII, as amended, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).

11.      The effect of the practices complained of above has been to deprive females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

12.      The unlawful employment practices complained of above are and were intentional.

13.      Defendant Athletes Foot at all relevant times has been acting with malice or reckless indifference to the federally protected rights of the Charging Parties and females as a class because of their sex.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Commission respectfully prays that this Court:

A.      Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates because of sex, female.

B.      Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that retaliate against persons who oppose employment practices made illegal by Title VII.

C.      Order Defendant Employer to institute and carry out policies, practices and programs which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Athletes Foot to make whole Trackeisha Love, Dominique Bee, Barbara O'Neal, and a class of other females by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

E.      Order Defendant Employer to make whole Trackeisha Love, Dominique Bee, and Barbara O'Neal by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial.

F.      Order Defendant Athletes Foot to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.


Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


_s/ Faye Williams_____
**FAYE WILLIAMS**
Acting Regional Attorney
TN Bar No. 011730


_s/ Terry Beck_____
**TERRY BECK**
Supervisory Trial Attorney
TN Bar No. 9346


_s/ Deidre Smith_____
**DEIDRE SMITH**
Senior Trial Attorney
TN Bar No. 018499

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1407 Union Avenue, Suite 621
Memphis, Tennessee  38104
Telephone:  (901) 544-0140